**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALFIE GARCIA, | : | **CIVIL ACTION NO.:**_____ |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF BERKS AND BERKS | : | |
| COUNTY YOUTH CENTER, | : | |
| | : | |
| *Defendants.* | : | **JURY TRIAL DEMANDED** |
| _____ | : | |

**COMPLAINT AND JURY DEMAND**

**I.      PRELIMINARY STATEMENT:**

1.      This action is an action for an award of damages, declaratory and injunctive

relief, attorney's fees and other relief on behalf of Plaintiff, Alfie Garcia ("Plaintiff

Garcia"), a former employee of Defendants County of Berks and Berks County Youth

Center, who has been harmed by the Defendants' unlawful employment practices.

2.      This action is brought under the Americans with Disabilities Act ("ADA"),

42 U.S.C. §12101, et seq., the Pennsylvania Human Relations Act ("PHRA"), 43 P.S.

§951 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et seq.

**II.      JURISDICTION AND VENUE:**

3.      The original jurisdiction of this Court is invoked, and venue is in this

district, pursuant to Title 28 U.S.C. §§1331 and 1391, and the claim is substantively based

on the ADA and the FMLA.

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Garcia's claims arising under the PHRA.

5.      All conditions precedent to the institution of this suit have been fulfilled. On February 26, 2009, a Notice of Right to Sue was issued by the United States Equal Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.  Plaintiff Garcia has satisfied all jurisdictional prerequisites to the maintenance of this action.

**III.    PARTIES:**

6.      Plaintiff, Alfie Garcia, is an individual and citizen of the Commonwealth of Pennsylvania, residing therein at 901 Butter Lane, Reading, PA 19606.

7.      Defendant, County of Berks ("Defendant County"), is a municipal corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 633 Court Street, Reading, Pennsylvania 19601.

8.      Defendant, Berks County Youth Center ("Defendant Youth Center"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 1261 County Welfare Road, Leesport, Pennsylvania 19533.

9.      At all times relevant hereto, Defendants were acting through their agents, servants, and employees, who were acting within the scope of their authority, course of

-2-

employment, and under the direct control of the Defendants.

10.     At all times material herein, each Defendant has been a "person" and an

"employer" as defined under the ADA, the PHRA, and the FMLA, and is accordingly

subject to the provisions of each said act.

11.     At all times material herein, Plaintiff Garcia was an "eligible employee" as

defined under the FMLA and was entitled to the protection of the provisions of said Act.

## IV.   <u>STATEMENT OF FACTS:</u>

12.     Plaintiff Garcia was employed by Defendant Youth Center from on or about

January 16, 2002, until on or about August 9, 2007, the date of his unlawful termination.

13.     During the course of his employment, Plaintiff Garcia held the position of

Control Room Operator and at all times maintained a satisfactory job performance rating

in said capacity.

14.     In or about late 2006 or early 2007, Plaintiff Garcia was diagnosed with

Depression, Anxiety Disorder, and Migraine Headaches.

15.     Said medical conditions are disabilities as defined under the PHRA and the

ADA in that they substantially impair one or more of Plaintiff Garcia's major life

activities, including, but not limited to, breathing, seeing, concentrating, and interacting

with others.

16.     On or about July 3, 2007, Plaintiff Garcia suffered from a syncopal

episode precipitated by a Migraine Headache, Depression, and Anxiety Disorder.

Said syncopal episode resulted in Plaintiff Garcia losing consciousness and crashing his motor vehicle.

17.    In connection thereto, Plaintiff Garcia was diagnosed with Syncope, a medical condition which results in triggered episodes of loss of consciousness.

18.    Said medical condition is a disability as defined under the PHRA and the ADA in that it substantially impairs one or more of Plaintiff Garcia's major life activities, including, but not limited to, seeing, maintaining consciousness, moving, and thinking.

19.    In connection with Plaintiff Garcia's aforementioned disabilities, on or about July 3, 2007, Plaintiff Garcia requested a temporary leave of absence under the FMLA. Said request was a request for reasonable accommodation of Plaintiff Garcia's disabilities.

20.    As a result thereof, Plaintiff Garcia was granted "Intermittent" leave ("IFMLA Leave"), whereby he was permitted to take brief periods of leave as needed in connection with his medical condition.

21.    Pursuant to the FMLA, as an "eligible employee," Plaintiff Garcia was "entitled to a total of 12 workweeks of leave during any 12-month period . . . because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

22.    On several occasions, Plaintiff Garcia's medical conditions required that he utilize IFMLA Leave.  On each occasion, Plaintiff Garcia utilized IFMLA Leave in

accordance with Defendants' policies.

23.     However, on or about July 27, 2007 and July 31, 2007, Defendant Youth Center failed to provide Plaintiff Garcia with a supervisor through whom he could utilize his IFMLA Leave according to policy, thereby failing to accommodate Plaintiff Garcia's previously granted request for reasonable accommodation.

24.     Thereafter, on or about August 9, 2008, Defendants abruptly terminated Plaintiff Garcia's employment, allegedly for abandoning his position.

25.     Plaintiff Garcia believes and avers that the Defendants' articulated reason for his termination was pre-textual and that he was terminated solely on the basis of his actual and/or perceived disabilities and/or record of impairments (Depression/Anxiety/Migraine Headaches/Syncope) in violation of the ADA and the PHRA, and in retaliation for exercising his right to temporary medical leave under the FMLA.


## COUNT I
### (ADA)
### Plaintiff Garcia v. All Defendants

26.     Plaintiff Garcia incorporates by reference paragraphs 1 through 25 of his Complaint as though fully set forth herein.

27.     The actions of the Defendants, through their agents, servants, and employees, in subjecting Plaintiff Garcia to discrimination, failing to provide the Plaintiff

with a reasonable accommodation for his disabilities, and terminating the Plaintiff solely

based on his actual and/or perceived disability and/or record of impairment, constituted a

violation of the ADA.

28.     As a direct result of the aforesaid unlawful discriminatory employment

practices engaged in by the Defendants in violation of the ADA, the Plaintiff has suffered

permanent and irreparable harm causing him to sustain emotional distress, humiliation,

embarrassment, loss of self-esteem, a loss of earnings, plus loss of future earning power,

plus loss of back pay and front pay and interest due thereon.


### COUNT II
### (PHRA)
### Plaintiff Garcia v. All Defendants

29.     Plaintiff Garcia incorporates by reference paragraphs 1 through 28 of his

Complaint as though fully set forth herein.

30.     The actions of the Defendants, through their agents, servants, and

employees, in subjecting Plaintiff Garcia to discrimination, failing to provide the Plaintiff

with a reasonable accommodation for his disabilities, and terminating the Plaintiff solely

based on his actual and/or perceived disability and/or record of impairment, constituted a

violation of the PHRA.

31.     As a direct result of the aforesaid unlawful discriminatory employment

practices engaged in by the Defendants in violation of the PHRA, the Plaintiff has suffered

permanent and irreparable harm causing him to sustain emotional distress, humiliation,

embarrassment, loss of self-esteem, a loss of earnings, plus loss of future earning power,

plus loss of back pay and front pay and interest due thereon.

## COUNT III
### (FMLA)
### Plaintiff Garcia v. All Defendants

32.     Plaintiff Garcia incorporates by reference paragraphs 1 through 31 as though

fully set forth at length herein.

33.     Pursuant to the FMLA, Plaintiff Garcia was entitled to a total of twelve (12)

workweeks of leave during any twelve (12) month period . . . because of a serious health

condition that makes the employee unable to perform the functions of the position of such

employee."

34.     The actions of Defendants, through their agents, servants, and employees, in

terminating Plaintiff Garcia's employment in retaliation for exercising his right to a

temporary medical leave, constituted a violation of the FMLA.

35.     The aforesaid actions of the Defendants were willful, malicious, wanton, in

bad faith, and in reckless disregard of Plaintiff Garcia's rights.

36.     As a direct result of the Defendants' willful and unlawful actions as

aforesaid, in violation of the FMLA, Plaintiff Garcia has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## <u>PRAYER FOR RELIEF</u>

37.    Plaintiff Garcia incorporates by reference paragraphs 1 through 36 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Garcia requests that this Court enter judgment in his favor and against the Defendants and order that:

a.    Defendants compensate Plaintiff Garcia with a rate of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful retaliation;

b.    Defendants compensate Plaintiff Garcia with an award of front pay, if appropriate;

c.    Defendants pay to Plaintiff Garcia compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, and other nonpecuniary losses as allowable;

d.     the Court award such other relief as is deemed just and proper.

## <u>JURY DEMAND</u>

Plaintiff Garcia demands a trial by jury.

**SIDNEY L. GOLD & ASSOCIATES, P.C.**

By: /s/Sidney L. Gold, Esquire
    SIDNEY L. GOLD, ESQUIRE
    Attorney I.D. No.: 21374
    SUSAN R. WEXLER, ESQUIRE
    Attorney I.D. No.: 200209
    1835 Market Street, Suite 515
    Philadelphia, PA 19103
    (215) 569-1999
    **Attorneys for Plaintiff**

Dated:      April 8, 2009